(70 Misc. Rep. 565.)

### FARRELL v. HARLEM TERMINAL STORAGE WAREHOUSE CO.

(Supreme Court, Appellate Term. February 9, 1911.)

WAREHOUSEMEN (§ 31*)—LIEN.

Plaintiff employed K. to store her furniture, pursuant to an advertisement that he had storage facilities and would store the goods at a specified price. K. had no warehouse, and conducted no storage business, but stored plaintiff's goods in defendant's warehouse. Defendant, on demand for the goods, asked higher rates than those agreed on from K. *Held*, that defendant had no lien on the goods for cartage and storage charges, under General Business Law (Consol. Laws, c. 20) § 113, providing that a warehouseman's lien may be enforced against all goods belonging to a person who is liable as debtor for the claims in regard to which the lien is asserted; such section not being intended to give a warehouseman a lien on goods belonging to another, stored by a stranger in fraud of the owner's rights.

[Ed. Note.—For other cases, see Warehousemen, Dec. Dig. § 31.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Martha Farrell against the Harlem Terminal Storage Warehouse Company. From a Municipal Court judgment for plaintiff, defendant appeals. Affirmed.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Lockhart, Bogart, Elkin & Woglom, for appellant.
Leonard McGee, for respondent.

HENDRICK, J. Appeal from a judgment of the Municipal Court in favor of plaintiff, awarding to plaintiff the possession of household furniture now in the possession of defendant. The complaint is in conversion. The answer admits possession of the furniture, but sets up a warehouseman's lien for storage. The court, in its opinion, found the following facts, which are supported by the evidence:

Furniture belonging to the plaintiff was delivered to one Kramer, a truckman, under an agreement between plaintiff and Kramer to move and store; the terms agreed upon being again set forth by the receipt delivered by Kramer's employé to plaintiff, to wit, $16 for moving, storage $6 per month, warehouse labor $2. Kramer delivered the furniture to defendant storage warehouse company under the following circumstances (testimony of defendant's manager):

"A. Yes; and he [Kramer] said: 'I have a load of goods here. Will you take them in storage?' And I said, 'Yes,' and he said, 'There are four more loads coming.' And I said, 'Very well, I will take the lot,' and he brought them in the 22d and 23d. He told me they belonged to Martha Farrell. I entered on the books of the warehouse the receipt of those goods. I made out a warehouse receipt of those goods, and mailed it to Mrs. Martha Farrell, at the Hudson House, Far Rockaway."

Kramer obtained possession of the furniture from the plaintiff by means of an advertisement in the newspapers which Kramer inserted under the name "Twentieth Century Storage, Moving & Carpet Cleaning Company." The advertisement stated that goods would be taken in storage. Plaintiff, seeing the advertisement called Kramer on the telephone, and he called at her home, where he made the agreement for the sums specified for carting and storage in a warehouse which he claimed to conduct. As a matter of fact, Kramer had no warehouse and conducted no storage business. Defendant claims a lien for cartage and storage in excess of the rate agreed upon between plaintiff and Kramer.

Plaintiff, shortly after receipt of storage warehouse receipts, demanded return of her goods, and offered to pay the charges she had agreed to pay to Kramer. The defendant refused to deliver, unless the charges as fixed by them were paid. Defendant claims a lien upon the furniture for cartage and storage charges under section 113 of the general business law (chapter 20 of the Consolidated Laws), which provides that a warehouseman's lien may be enforced *"against all goods, whenever deposited, belonging to the person who is liable as debtor for the claims in regard to which the lien is asserted."*

The evident purpose of the statute is to give the warehouseman a lien for charges against the goods of persons who are primarily liable for the charge incurred, and who by their agreement create the relation of debtor and creditor. There is nothing in the statute which is intended to give a warehouseman a lien upon goods belonging to another, stored by a stranger in fraud of the true owner's rights. If such were the effect of the act, then a thief storing goods could create a lien on them as against the real owner, and to the extent of such lien could

divest him of his right to the possession of his own property. To hold such a proposition would make a warehouseman a legalized receiver of stolen goods, at least to the extent of his charges.

Defendant raises the point that Kramer was the agent of plaintiff. Chattels are not in a class with mercantile paper, bank notes, indorsed certificates of stock, etc. The mere possession of the former does not import title or right of disposal. There is no proof from which the position can be maintained. The further question of ratification, denied by plaintiff, is disposed of in plaintiff's favor by the finding of the trial justice, supported by the evidence.

The judgment should be affirmed, with costs. All concur.